**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **DALE MAISANO,** ) | |
| ) | |
| **Plaintiff,** ) | Civil No. 3:13-1181 |
| ) | |
| **v.** ) | **No. 3:13-mc-0091** |
| ) | |
| **CORIZON HEALTH, INC.,** ) | **Judge Trauger** |
| **JUDGE SHARP, JUDGE CAMPBELL** ) | |
| **of U.S. DIST. CT. (M.D. Tenn.),** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

*Pro se* plaintiff Dale Maisano, a prisoner at the Arizona State Prison in Tucson, has filed yet another frivolous and unsupported lawsuit in this court, in which he names as defendants, besides Corizon Health, Inc., two judges in this district. The matter was original assigned to Judge Campbell, one of the named defendants. Judge Campbell recused himself and the matter was reassigned to the undersigned to conduct an initial review of the complaint.

The plaintiff did not submit the $400.00 filing fee, and he is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*. Moreover, the complaint is not in compliance with the Order and Restraining Order entered by Senior United States District Judge Stephen M. McNamee on August 11, 1992 in an (unsuccessful) attempt to curtail the plaintiff's voluminous frivolous filings. Among other things, Judge McNamee's order enjoins Maisano from filing any civil action in the United States District Court for the District of Arizona, or any other federal court, without first obtaining leave of the court. *See Maisano v. Lewis*, CIV 92-1026-PHX-SMM (MS) (D. Ariz. Aug. 11, 1992) (Order and Restraining Order).

In order to obtain leave of court to file a lawsuit, the plaintiff must file an "Application Pursuant to Court Order Seeking Leave to File" accompanied by an affidavit certifying: (1) "that the claim or claims he wishes to present are new and have not been raised and disposed of on the merits by any federal court"; and (2) "that to the best of his knowledge the claim or claims are not frivolous or taken in bad faith." Restraining Order at 5. The plaintiff is all required to attach to all complaints "a list of all cases previously filed involving similar or related causes of action." *Id.* Any application seeking leave to file must be accompanied by a copy of the

Restraining Order, and "[f]ailure to comply strictly with [its] terms . . . will be sufficient ground to deny leave to file." *Id.*

The plaintiff made no attempt with his current filing to comply with the Restraining Order. Accordingly, the present complaint is hereby **DISMISSED** for failure to comply strictly with the terms of the Restraining Order.

The court further finds that the complaint in this case is utterly frivolous and therefore **CERTIFIES** that an appeal of this dismissal would not be in good faith. Accordingly, the plaintiff is **DENIED** leave to appeal *in forma pauperis*. If the plaintiff seeks to appeal this dismissal, he will be required to submit **directly to the Sixth Circuit Court of Appeals** a motion to proceed on appeal *in forma pauperis* that complies with Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

The Clerk is **DIRECTED** to assign a civil action number to this case, to enter judgment and to close the case, in accordance with Rule 58, Fed. R. Civ. P.

The Clerk is also **DIRECTED** to furnish a copy of this order to the Sixth Circuit Court of Appeals.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge